UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN E. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV02357 AGF |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to reverse and remand this Social Security disability case pursuant to sentence four of 42 U.S.C. § 405(g).

On May 20, 2008, Plaintiff filed the application for disability insurance benefits under Title II of the Social Security Act presently before this Court. Plaintiff alleged a disability onset date of February 26, 2008. On January 13, 2010, following a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled, as defined by the Act. On October 21, 2010, the decision of the ALJ became the final decision of the Commissioner of Social Security, and Plaintiff sought judicial review from this Court of the adverse ruling.

The Commissioner now states that Plaintiff's counsel advised the Agency of a subsequent favorable decision issued on June 14, 2011, based upon a disability onset date of March 3, 2009, and awarding benefits for part of the period involved in this suit.

Upon review of the matter, the Appeals Council of the Social Security Administration decided that remand in the present case was necessary pursuant to the Agency's Hearings, Appeals, and Litigation Law Manual ("HALLEX").  The Commissioner states that upon remand by the Court, the Appeals Council will exercise its right to reopen the June 14, 2011 decision, consolidate Plaintiff's two applications, and direct the ALJ to further develop the record and issue a new decision.

Plaintiff does not object to the remand, but asks the Court to limit its scope to the consideration of Plaintiff's eligibility for benefits before March 3, 2009.  Plaintiff also asserts that the Appeals Council may not terminate his current eligibility for benefits commencing March 3, 2009, unless it conforms to various regulatory requirements assuring notice and an opportunity for hearing.  Finally, Plaintiff contends that the Court should specify ways in which the ALJ should further develop the record, for example, by recontacting Plaintiff's treating physician.

When the Agency reaches two different determinations regarding a plaintiff's disability status, HALLEX I–5–3–17 provides that if the determination on a subsequent application is favorable, then the Appeals Council will consider evidence in the subsequent claim to determine whether there is new and material evidence relating to the prior claim.  In such cases, the Appeal Council may exercise the Agency's authority under existing regulations for review and reopening to revise the subsequent favorable determination.

With respect to Plaintiff's request that the Court restrict the time period to be

2

considered by the Appeals Council on remand, the Court concludes that Plaintiff correctly identifies the time period covered by the present application for benefits. However, as noted, HALLEX I–5–3–17 provides that, upon remand, the Appeals Council has authority to conclude that the favorable determination on the subsequent claim was incorrect. While Plaintiff asserts that Defendant must comply with the due process requirements set forth in the regulations before terminating Plaintiff's current eligibility, there is nothing here to suggest that the commission will not do so. Plaintiff's due process concerns regarding such a determination are addressed by the additional requirement in HALLEX that any such determination conform to the "Agency's authority under existing regulations." HALLEX I–5–3–17(I B¶2).

As to the issues to be considered on remand, the Court will leave it to the ALJ's discretion as to how the record should be further developed. If Plaintiff is not satisfied with the new decision, he can presumably seek judicial review at that time.

The fourth sentence of 42 U.S.C. § 405(g) provides that upon judicial review, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In light of this authority and upon consideration of the parties' arguments, the Court concludes that the Commissioner's motion should be granted. *See, e.g., Rivera v. Comm'r of Soc. Sec.*, No. 09-1362 (SEC), 2009 WL 2885029, at *2 (D. Puerto Rico Sept. 8, 2009); *Smith v. Astrue*, No. 3:07cv463 (MRK)(WIG), 2007 WL 4800723, at *2 (D. Conn. Nov. 30, 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to reverse and remand the case pursuant to sentence four of 42 U.S.C. § 405(g) is **GRANTED.** (Doc. #22)

A final Judgment shall accompany this Memorandum and Order.

                                            _/s/ Audrey G. Fleissig_
                                           AUDREY G. FLEISSIG
                                           UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2011